IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HANI MUSA IBRAHIM YOUSIF,

     Petitioner,

v.                                                                No. 2:26-cv-00718-KG-GBW

MARY DE ANDA-YBARRA, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Hani Musa Ibrahim Yousif's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

## I.    *Background*

Petitioner, a 29-year-old native and citizen of Sudan, entered the United States in 2014 on a student visa and timely applied for asylum. Doc. 1 at 6, 14. He is married to a United States citizen and has two U.S. citizen children. *Id.* at 6.

Immigration and Customs Enforcement ("ICE") took Petitioner into custody on December 2, 2025. Doc. 6 at 2. At the outset of detention, an immigration judge ("IJ") held a bond hearing but took no action. Doc. 6 at 2. Approximately one month later, the IJ denied bond, finding that Petitioner had "not met his burden of showing that he is not a danger to the community." Doc. 6-4 at 1. Petitioner has not appealed that decision to the Board of Immigration Appeals ("BIA") and remains detained at Otero County Processing Center in Chaparral, New Mexico. Docs. 6 at 2, 1 at 6.

Petitioner challenges his detention, arguing that he has a pending asylum application, is

1

married, and fears returning to Sudan.  *See* Doc. 1 at 6–7.

## II.     *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.    *Analysis*

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for over a decade and was not arrested at a port of entry or near the border.  Doc. 6 at 2.  He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received a bond hearing.  At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden of showing he is not a danger to the community.  Doc. 6-4 at 1.  That is all § 1226 requires.  This

case is unlike those in which an IJ refuses to hold a bond hearing or declines to reach the merits for lack of jurisdiction.  *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.).  Here, the IJ held a hearing and decided the issue.

## IV.     Conclusion

The Court denies the Petition, Doc. 1.  To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the BIA.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.